PER CURIAM.
Appellant challenges the order dismissing his amended complaint with prejudice. The court dismissed the amended complaint with prejudice as to Appellee but without prejudice as to several other defendants. The only explanation for the lower court’s disparate treatment of the defendants is the fact that Appellee had been discharged in bankruptcy prior to the filing of the amended complaint. Appellant asserts that this fact does not justify the lower court’s ruling because the complaint is for conspiracy and Appellee rejoined and participated in the conspiracy after she was discharged. Appellee concedes that it is theoretically possible to bring a claim against her even though she was discharged, provided that the claim is based on conduct occurring after the discharge. She argues nevertheless that the lower court’s order should be affirmed because the amendment was made without leave of court. Although Appellee is correct, this is not the reason the court dismissed the claim with prejudice as to Ap-pellee but granted leave to amend as to the other defendants.
Discharge in bankruptcy is an affirmative defense. Fla. R. Civ. P. 1.110. As such, it cannot be a basis for dismissing a complaint unless it is apparent from the face of the complaint. Sanchez v. Mercy Hosp., 386 So.2d 42, 42 (Fla. 3d DCA 1980). Here it is not apparent that the claim against Appellee was discharged in bankruptcy. Therefore, dismissal with prejudice was not appropriate. Accordingly, we reverse the order to the extent that it dismissed the complaint with prejudice. In ruling as we have, we express no opinion as to whether Appellant can state a cause of action.
Finding no abuse of discretion, we affirm as to the cross-appeal. REVERSED in part; AFFIRMED in part, and REMANDED.
ORFINGER and COHEN, JJ., concur.
TORPY, J., concurring and concurring specially with opinion.